IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA | **I N D I C T M E N T** |
| v. | Case No. |
| JORDAN ARLO LINDELL;<br>KYLE KAHALEHILI MAEZ-SCHAACK;<br>and<br>FRANKWOODSON ALTENOR,<br>a/k/a SON SON | Violations:   18 U.S.C. §§ 922(g)(1),<br>924(a)(8), 924(c)(1)(A), 1201(a)(1),<br>1951, and 2; and 21 U.S.C. §§ 841(a)(1),<br>841(b)(1)(A)(viii), 841(b)(1)(C), and 846 |

## COUNT ONE

**Kidnapping**

The Grand Jury Charges:

On or about March 5 and 6, 2024, in the District of North Dakota,

JORDAN ARLO LINDELL;
KYLE KAHALEHILI MAEZ-SCHAACK; and
FRANKWOODSON ALTENOR, a/k/a SON SON,

individually, and by aiding and abetting, did knowingly, willfully, and unlawfully kidnap,

abduct, carry away, seize, confine, and hold for some purpose or benefit, Victim A,

without his consent, and, in committing or in furtherance of the commission of the

offense, used telecommunication devices, a means, facility, and instrumentality of

interstate and foreign commerce;

In violation of Title 18, United States Code, Sections 1201(a)(1) and 2.

## COUNT TWO

### Conspiracy to Possess with Intent to Distribute and
### Distribute a Controlled Substance

The Grand Jury Further Charges:

From in or about late February 2024, and continuing through in or about early April 2024, in the Districts of North Dakota, Minnesota, and elsewhere,

JORDAN ARLO LINDELL;
KYLE KAHALEHILI MAEZ-SCHAACK; and
FRANKWOODSON ALTENOR, a/k/a SON SON

did knowingly and intentionally combine, conspire, confederate, and agree together and with others, both known and unknown to the grand jury, to possess with intent to distribute and distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## DRUG QUANTITY

The grand jury specifically finds that the amount involved in the conspiracy attributable to LINDELL, MAEZ-SCHAACK, and ALTENOR as a result of each defendant's own conduct, and of the conduct of other conspirators reasonably foreseeable to the defendants, is 500 grams or more of a mixture and substance containing methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A)(viii).

## OVERT ACTS

1.      It was a part of said conspiracy that the defendants and others would and did distribute and possess with intent to distribute methamphetamine, a Schedule II controlled substance, in the states of North Dakota, Minnesota, and elsewhere;

2.      It was further a part of said conspiracy that one or more of the conspirators arranged the transfer of methamphetamine, a Schedule II controlled substance, from outside the state of North Dakota into North Dakota;

3.      It was further a part of said conspiracy that in or before March 2024, Victim A incurred a debt of $6,000 worth of methamphetamine to LINDELL;

4.      It was further a part of said conspiracy that the drug debt represented at least 500 grams of methamphetamine;

5.      It was further a part of said conspiracy that on or about March 4, 2024 through on or about March 6, 2024, LINDELL ordered MAEZ-SCHAACK and ALTENOR to kidnap, assault, and rob Victim A in order to collect on the drug debt;

6.      It was further a part of said conspiracy that LINDELL possessed with the intent to distribute 500 grams or more of methamphetamine;

7.      It was further a part of said conspiracy that the defendants and others would and did possess firearms;

8.      It was further a part of said conspiracy that the defendants and others would and did attempt to conceal their activities;

9.      It was further a part of said conspiracy that the defendants and others would and did use United States currency in their drug transactions;

3

10.     It was further a part of said conspiracy that the defendants and others would and did use mobile payment apps and social media in their drug transactions; and

11.     It was further a part of said conspiracy that the defendants and others would and did use telecommunication facilities, including cellular telephones, to facilitate the distribution of methamphetamine and other controlled substances;

In violation of Title 21, United States Code, Section 846, and Pinkerton v. United States, 328 U.S. 640 (1946).

## COUNT THREE

**Interference with Commerce by Robbery**

The Grand Jury Further Charges:

On or about March 5 and 6, 2024, in the District of North Dakota,

KYLE KAHALEHILI MAEZ-SCHAACK and
FRANKWOODSON ALTENOR, a/k/a SON SON,

individually, and by aiding and abetting, did unlawfully obstruct, delay and affect

commerce as that term is defined in Title 18, United States Code, Section 1951, and the

movement of articles and commodities in such commerce, by robbery as that term is

defined in Title 18, United States Code, Section 1951, in that the defendant did

unlawfully take and obtain personal property, consisting of a vehicle moving in interstate

commerce, a Ford F-250 automobile, from the person of and in the presence of Victim A,

against Victim A's will by means of actual and threatened force, violence, and fear of

injury, immediate and future, to their person;

In violation of Title 18, United States Code, Sections 1951 and 2.

<u>COUNT FOUR</u>

**Brandishing a Firearm During and in Relation to a Crime of Violence**

The Grand Jury Further Charges:

On or about March 5 and 6, 2024, in the District of North Dakota,

KYLE KAHALEHILI MAEZ-SCHAACK and
FRANKWOODSON ALTENOR, a/k/a SON SON,

individually, and by aiding and abetting, did knowingly brandish firearms during and in

relation to a crime of violence for which each may be prosecuted in a court of the United

States, that is, Interference with Commerce by Robbery, as set forth in Count Three;

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.

6

<u>COUNT FIVE</u>

**Possession of a Firearm in Furtherance of a Drug Trafficking Crime**

The Grand Jury Further Charges:

On or about April 2, 2024, in the District of North Dakota,

KYLE KAHALEHILI MAEZ-SCHAACK

did knowingly possess a firearm, namely a SIG Sauer, Model P365, 9mm pistol, bearing

Serial Number 66F717834, in furtherance of a drug trafficking crime for which he may

be prosecuted in a court of the United States, that is, Conspiracy to Possess with Intent to

Distribute and Distribute a Controlled Substance, as set forth in Count Two;

In violation of Title 18, United States Code, Section 924(c)(1)(A).

<u>COUNT SIX</u>

**Possession of a Firearm by a Convicted Felon**

The Grand Jury Further Charges:

On or about April 2, 2024, in the District of North Dakota,

KYLE KAHALEHILI MAEZ-SCHAACK,

individually, and by aiding and abetting, knowing that he had previously been convicted

in any court of a crime punishable by imprisonment for a term exceeding one year, to wit:

1. Reckless Endangerment – Extreme Indifference, in violation of N.D. Cent. Code § 12.1-17-03, a Class C felony, in State of North Dakota, South Central Judicial District, Case No. 08-2018-CR-2327, judgment entered on or about December 7, 2018;

2. Unlawful Possession of Drug Paraphernalia, in violation of N.D. Cent. Code § 19-03.4-03(2), a Class C felony, in State of North Dakota, South Central Judicial District, Case No. 08-2018-CR-2327, judgment entered on or about December 7, 2018;

3. Reckless Endangerment, in violation of N.D. Cent. Code § 12.1-17-03, a Class C felony, in State of North Dakota, South Central Judicial District, Case No. 30-2018-CR-885, judgment entered on or about December 7, 2018;

4. Fleeing or Attempting to Elude a Peace Officer, in violation of N.D. Cent. Code § 39-10-71, a Class C felony, in State of North Dakota, South Central Judicial District, Case No. 30-2018-CR-885, judgment entered on or about December 7, 2018;

5. Possession of a Controlled Substance (2nd Offense), in violation of N.D. Cent. Code § 19-03.1-23, a Class C felony, in State of North Dakota, South Central Judicial District, Case No. 30-2020-CR-301, judgment entered on or about November 2, 2020;

6. Reckless Endangerment, in violation of N.D. Cent. Code § 12.1-17-03, a Class C felony, in State of North Dakota, South Central Judicial District, Case No. 30-2020-CR-368, judgment entered on or about November 2, 2020;

7. Fleeing or Attempting to Elude a Peace Officer, in violation of N.D. Cent. Code § 39-10-71, a Class C felony, in State of North Dakota, South Central Judicial District, Case No. 30-2020-CR-368, judgment entered on or about November 2, 2020;

8. Reckless Endangerment, in violation of N.D. Cent. Code § 12.1-17-03, a Class C felony, in State of North Dakota, South Central Judicial District, Case No. 30-2020-CR-559, judgment entered on or about November 2, 2020; and

9. Fleeing or Attempting to Elude a Peace Officer, in violation of N.D. Cent. Code § 39-10-71, a Class C felony, in State of North Dakota, South Central Judicial District, Case No. 30-2020-CR-559, judgment entered on or about November 2, 2020;

did knowingly possess in and affecting commerce a firearm, that is:

1. a SIG Sauer, Model P365, 9mm pistol, bearing Serial Number 66F717834;

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(8), and 2.

A TRUE BILL:

/s/ Foreperson
Foreperson

/s/ Mac Schneider
MAC SCHNEIDER
United States Attorney

JTR/ALW/alk